TYLER WIRICK (UT BN 15964)
ALDRIDGE PITE, LLP
374 East 720 South
Orem, UT 84058
Telephone: (858) 750-7600
Telephone (direct): (801) 285-0952
Facsimile: (619) 590-1385
E-mail: twirick@aldridgepite.com

Attorneys for Plaintiff U.S. Bank National Association, not in its individual capacity but solely as Trustee NRZ Pass-Through Trust X, its successors and/or assigns

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE NRZ PASS-THROUGH TRUST X, its successors and/or assigns,<br><br>Plaintiff(s),<br><br>vs.<br><br>PETER NORDBERG, and/or JOHN DOES 1-10, JANE DOES 1-10,<br><br>Defendant(s). | **MOTION AND MEMORANDUM TO REMAND AND FOR JUST COSTS, ACTUAL EXPENSES, AND ATTORNEY FEES**<br><br>Case No.: 2:19-cv-00611<br><br>**Honorable Evelyn J. Furse** |

Plaintiff, by and through their counsel of record, hereby moves this Court for an Order pursuant to 11 U.S.C. § 1447 remanding this case back to the state court and requiring Louis Monson to pay just costs, actual expenses, and attorney fees as a result of the improper removal. This Motion is made on the following bases:

1. The Court cannot exercise diversity jurisdiction because the amount in controversy is far less than the $75,000.00 jurisdictional amount. On the face of the Complaint, Plaintiff prays for $1,999.99 plus reasonable attorney fees. Furthermore, there is no evidence in the record that the

named Defendant, Peter Nordberg, consented to the removal of this case – only the bare assertion of Mr. Monson, who is a pre se litigant and who does not represent Mr. Nordberg.

2. There is no federal question sufficient to impart federal jurisdiction in this matter as all claims and defenses arise from state law causes of action.

3. Because Mr. Monson's did not have an objectively reasonable basis for removal, Mr. Monson should be required, pursuant to 11 U.S.C. § 1447(c), to pay Plaintiff's just costs, actual expenses, and attorney fees as a result of the improper removal.

## I. INTRODUCTION

Having previously removed the underlying state law case earlier this year only to have it remanded for a lack of federal question jurisdiction, John Doe Defendant Louis Monson has decided to change his approach. Since he is beyond the 30 days window to remove based upon a substantial question of federal law, Mr. Monson, on the eve of an eviction hearing, again removed the case to federal court – this time improperly alleging that the amount in controversy in this eviction action is greater than $75,000.00 and stalling the underlying state court action.

## II. FACTUAL BACKGROUND

1. This case involves a state law unlawful detainer action filed on February 4, 2019, in the State of Utah 3rd Judicial Court in Salt Lake City, Utah as case no.190901006. (the "State Action.")(Doc. No. 3, Exhibit 3.)

2. The State Action prays for Eviction, rent for the use of the premises totaling $1,999.99, attorney fees in the amount of $350.00 if uncontested, or such reasonable amount as the Court may determine; for any damages for waste of the premises. (Doc. No. 3, Ex. 3).

3. On September 4, 2019, there was an immediate occupancy hearing scheduled in the State

Action.

4. Mr. Monson, without legal basis, filed a Notice of Removal in the State Action on September 3, 2019, the second time Mr. Monson has removed the State Action to federal court (the "Second Removal.")

5. On March 18, 2019, Mr. Monson removed the State Action (hereinafter the "First Removal") to the federal court. U.S. Bank National Association v. Nordberg et al, United States District Court for the District of Utah, case no. 2:19-cv-00185.

6. The First Removal was initially dismissed *sua sponte* by the court for lack of jurisdiction but subsequently remanded. *See*. Order Vacating Dismissal and Order Remanding Case. Bank of America N.A. v. Nordberg et. al., No. 2:19-cv-00185, Doc. No.8 (D. Utah. May 28, 2019).

7. In the Second Removal, Mr. Monson removed the case on the eve of an Immediate Occupancy Hearing (the "Second Removal"), thereby cancelling the immediate occupancy hearing and again delaying the State Court Action.

8. This removal was not based on the relief sought in the original complaint – eviction, rent of no more than $1,999.99, and reasonable attorney fees. Instead, removal is based, ostensibly, on an alleged counterclaim that has never been filed, but arises exclusively from state law. (Doc. No. 3, pp. 3-4).

### III. ARGUMENT

#### A. THE FEDERAL COURTS LACK JURISDICTION TO HEAR THIS MATTER

##### a. THE COURT LACKS DIVERSITY JURISDICTION AS THE AMOUNT IN CONTROVERSY IS LESS THAT $75,000.00

A civil action can only be removed if the plaintiff originally could have brought the action in federal court. *See* 28 U.S.C. § 1441(a). *Aurora Loan Servs. v. Wong*, No. 2:11-cv-492-

CW-SA, 2011 U.S. Dist. LEXIS 131428, at *2-4 (D. Utah Oct. 14, 2011). Remand is mandatory "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Because federal courts are courts of limited jurisdiction, the presumption is against the assertion federal jurisdiction. *See Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys.*, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991); *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). The burden is on the party requesting removal to show that the exercise of jurisdiction is proper. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). In a case that has been removed, "a strong presumption exists that the plaintiff has not claimed an amount large enough to confer jurisdiction on a federal court." *Aurora Loan Servs. v. Wong*, 2011 U.S. Dist. LEXIS 131428, at *3-4. Furthermore, the amount in controversy is not determined by an alleged counterclaim or defense. Instead, "[t]he amount in controversy is determined by the complaint." *CR Radcliff Inv. v. Monson*, No. 2:14-CV-0215, 2014 U.S. Dist. LEXIS 150681, at *3 (D. Utah June 23, 2014)(citing *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001)(Accord *Aurora Loan Servs. v. Wong*, 2011 U.S. Dist. LEXIS 131428.)

The fact of the *CR Radcliff* case are strikingly similar to the instant matter. In *CR Radcliff*, the defendant removed an eviction to federal court for a second time. The defendant alleged diversity jurisdiction, even though the complaint, like the Complaint in the instant matter, alleged a minimal amount of damages. The defendant in *CR Radcliff* claimed the amount in controversy exceeded the jurisdictional amount because "the property and/or fixtures are worth $150,000.00." *CR Radcliff Inv. v. Monson*, No. 2:14-CV-0215, 2014 U.S. Dist. LEXIS 150681 at *3. The court rejected this argument because the complaint only sought eviction and $20,000.00

in unpaid rent, reasonable attorney fess, and damages to the property. *Id.* at *3-*4.

Likewise, the Complaint in the instant action seeks eviction, fair rental value at $30.00 per day – capped at $1,999.99, and attorney fees in the amount of $350.00 if uncontested, or for a reasonable amount if contested. Despite the limited amount in controversy, Mr. Monson uses an argument that is nearly to the one in *Radcliffi* to try to shoehorn the case into federal court. Indeed, Mr. Monson alleges that the value of his alleged interest in the property somehow is at issue in the eviction and then attempts to value that interest at between $400,000.00 and $600,000.00. This valuation is alleged based on some sort of counterclaims, but not such counterclaim has ever been filed. Even if there were a counterclaim, it would not be dispositive as the Complaint is clear on its face, and the amount of controversy can be readily determined therein. Thus, Mr. Monson's attempt to claim that there is an amount in controversy above the jurisdictional amount fails and the case must be remanded.

Furthermore, there is no evidence to support that all the defendants in the case have consented to removal. 28 U.S.C. § 1446(b)(2)(A). The only defendant who is actually named in the Complaint is Peter Nordberg. Mr Nordberg has not appeared in this matter. While Mr. Monson asserts that "All Defendants consent to removal," (Doc. No. 3, ¶ 5), there is simply no evidence that Mr. Nordberg consented to the removal, and Mr. Monson's statement, standing alone, is not evidence that all parties consented to removal.

Mr. Monson is not an attorney and therefore cannot appear on behalf of Mr. Nordberg. Indeed, Mr. Monson is appear pro se. Thus, the only person Mr. Monson can speak for or consent for is himself. Thus, Mr. Monson needs to provide admissible evidence that Mr.

MOTION AND MEMORANDUM - 5

Nordberg consented to the removal. Accordingly, the removal is fatally flawed and should be remanded.

### b. NOTHING HAS CHANGED SINCE THE FIRST REMOVAL, AND THIS COURT STILL LACKS FEDERAL QUESTION JURISDICTION

"Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction. The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Importantly, 'doubtful cases must be resolved in favor of remand.'" Utah v. Eli Lilly &Co., 509 F.Supp 2d 1016, 1020-1021 (D. Utah 2007) (citing Archuleta v. Lacuesta, 131 F.3d 1359, 1370 (10th Cir. 1997),

A case arises under federal law if the federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *CitiMortgage, Inc. v. Herbert*, No. 2:16-cv-416, 2016 U.S. Dist. LEXIS 68502, at *3 (D. Utah May 23, 2016); LSF6 Mercury REO Invs. Tr. Series 2008-1 v. Ellertson, No. 2:10-CV-00640-CW-DN, 2010 U.S. Dist. LEXIS 139025, at *10 (D. Utah Dec. 14, 2010). In determining whether Federal Question Jurisdiction exists, the focus of the analysis is on the plaintiff's theory of recovery (i.e. the well-pleaded complaint), and if an element of that theory is a right conferred by federal law. *CitiMortgage, Inc. v. Herbert*, 2016 U.S. Dist. LEXIS 68502, at *2-3. A defendant cannot evade the plaintiff's choice of forum by attempting to insert issues of federal law into a state law claim such as an eviction. "It is now settled law that a case may not be removed to federal court on the basis of a federal defense." CitiMortgage, Inc. v. Herbert, 2016

U.S. Dist. LEXIS 68502, at *3 *(citing Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986)("the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."); *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005) (recognizing that "a case may not be removed to federal court solely because of a defense or counterclaim arising under federal law").

The well pleaded complaint in the instant mater seeks to evict Mr. Monson and for reasonable rent up to the amount of $1,999.99. Nothing on the face of the Complaint invokes any basis for this Court to exercise federal jurisdiction over the matter. Furthermore, any alleged counterclaims Mr. Monson may have are based exclusively on state law, do not raise a federal question, and are untimely under 28 USC § 1446.[1]

In the instant matter, Mr. Monson improperly removed a case that plainly involved state law claims in a pending state case. Mr. Monson's basis for the removal was founded on a purported defense based upon federal law, and did not properly assert a basis for federal jurisdiction.

### c. Plaintiff is Entitled to Reasonable Fees, Costs, and Actual Expenses Because Defendant Lacked Reasonable Basis for Removal

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. 1447(c). This section

---

[1] A defendant generally has "30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). But, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).

does not mandate an award of fees but permits such an award when "only where the removing party lacked an objectively reasonable basis for seeking removal." *CR Radcliff Inv. v. Monson*, No. 2:14CV0215, 2014 U.S. Dist. LEXIS 150681, at *4 (D. Utah June 23, 2014)(*quoting Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005). Again, the *CR Radcliff* case is instructive as it was *supra*. The court in *CR Radcliff* awarded fees to the plaintiff on the basis that the filing of a second removal was not objectively reasonable. The Second Removal in this matter is likewise unreasonable.

First, as previously mentioned, this is Mr. Monson's second bite at the proverbial apple. Mr. Monson's prior removal was remanded for lack of jurisdiction. Second, the timing of the removal motion is highly suspect. Indeed, although Mr. Monson was served months ago, he waited until the eve of an eviction proceeding to remove the case. Mr. Monson could have brought the alleged diversity jurisdiction claim in the prior removal, but he failed to do so. Of course if he had done so, he would have taken one of the delay arrows from his proverbial delay quiver. By holding back the diversity jurisdiction argument and not including it in the First Removal, Mr. Monson could later parlay the argument into a very useful last minute delay of an eviction proceeding. The removal amounts to nothing more than another baseless attempt by Mr. Monson to stall the state court litigation and tie this matter up in pointless litigation and was not objectively reasonable. Therefore, an aware of attorney fees under 11 U.S.C. § 1447(c) is warranted.

### IV. CONCLUSION

Mr. Moson's second removal of the state law eviction case was inappropriate and objectively unreasonable. Defendant cannot show that the amount in controversy excess the jurisdictional

threshold and has not provided a basis for this court to otherwise assert jurisdiction over this case. Plaintiff is entitled to recover its fess and expenses in this matter.

DATED: May 24, 2019

Respectfully Submitted,

ALDRIDGE PITE, LLP

/s/ Tyler Wirick
TYLER WIRICK
*Attorneys for Plaintiff U.S. Bank National Association, not in its individual capacity but solely as Trustee NRZ Pass-Through Trust X, its successors and/or assigns*

CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I hereby certify that on September 17, 2019, I filed the foregoing MOTION AND MEMORANDUM TO REMAND AND JUST COSTS, ACTUAL EXPENSES, AND ATTORNEY FEES via the CM/ECF system, and I send a copy of the foregoing via first class mail on the following:

Louis Monson
1818 East Bear Claw Circle
Draper, UT 84020

/s/ _____